Shane Singh, Bar No. 202733
ssingh@kringandchung.com
KRING & CHUNG, LLP
2620 J Street, # 1
Sacramento, CA 95816-4381
Telephone: (916) 266-9000
Facsimile: (916) 266-9001

Attorneys for Defendant
DOLLAR TREE STORES, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>Plaintiff,<br>vs.<br><br>DOLLAR TREE STORES, INC., Individually and dba DOLLAR TREE #1223,<br><br>Defendant. | Case No. 2:07-CV-00305-JAM-KJM<br><br>**CONSENT DECREE** |

## I. INTRODUCTION

Plaintiff Scott N. Johnson filed this action for injunctive relief and damages in the United States District Court for the Eastern District of California against defendant Dollar Tree Stores, Inc. (sued herein as Dollar Tree Stores, Inc., Individually and dba Dollar Tree #1223) (hereinafter "Dollar Tree").

The complaint alleged that Dollar Tree failed to conform its store listed below to the accessibility requirements of both California and federal law including, but not limited to, the Americans with Disabilities Act and the California Civil Code:

3222 Winona Way North Highlands, California ("subject store").

The complaint sought injunctive relief, damages and attorneys' fees and costs.

The parties have negotiated in good faith and have agreed to resolve this lawsuit. As part of the settlement, Plaintiff agreed to dismiss (and has dismissed) the action with prejudice.

KRING & CHUNG ATTORNEYS LLP

PDF created with pdfFactory trial version www.pdffactory.com

The Plaintiff and Dollar Tree now seek to fully and finally conclude all claims arising out of the above action without the expenditure of further resources and expenses of contested litigation. Further, they desire that the Court retain jurisdiction over the parties and the subject store, so that Dollar Tree may evaluate its public accommodations in California and make any modifications and corrections required in order for it to comply with the accessibility requirements of the ADA, the California Civil Code, the California Health and Safety Code, and the California Business and Professions Code ("Related State Laws"), and Title 24 of the Code of California Regulations ("Title 24"). Accordingly, the parties enter into this Consent Decree to further the objective of compliance with the legal requirements for providing access for disabled individuals at the subject store.

Other lawsuits involving the subject store may be filed and the defense costs and potentially conflicting compliance orders relating to these lawsuits compromise Dollar Tree's ability to complete the necessary modifications and corrections to make the store compliant with the ADA, Related State Laws, and Title 24. Future ADA lawsuits will increase unnecessarily the burden on the federal and state judiciary by creating a multiplicity of lawsuits seeking identical remedial work Dollar Tree has already commenced and is specifically addressed herein. Further, multiple actions involving the store's compliance with the ADA, related State Laws and Title 24 pose a serious risk of conflicting decisions. It is therefore in the best interests of judicial economy and comity among the various federal and state courts that one court exercise exclusive jurisdiction over Dollar Tree and the subject store with respect to compliance with applicable accessibility requirements.

## II. <u>NON-ADMISSION OF LIABILITY</u>

This Consent Decree does not, and shall not be deemed to constitute an admission by Dollar Tree of any violation of any federal or State statute or regulation or a finding of any fact, or an adjudication of any issue in the Plaintiff's lawsuit, or in any other lawsuit.

/ / /

/ / /

/ / /

/ / /






PDF created with pdfFactory trial version www.pdffactory.com

## III. ORDER

The Court has reviewed the terms of this Consent Decree in light of the pleadings, the records herein, and the applicable law, and now approves the Consent Decree in its entirety. THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## IV. GENERAL PROVISIONS

**A. Jurisdiction:**

This Court has jurisdiction over the subject matter and the parties to this action, and will retain jurisdiction as provided in Section VI below.

**B. Scope:**

This Consent Decree shall bind Dollar Tree, with respect to only the subject store.

**C. Definitions:**

1. For purposes of this Consent Decree, "action" means and refers to the action identified in the Introduction section above.

2. For purposes of this Consent Decree, "readily achievable" has the meaning given to it in Title III of the Americans with Disabilities Act (hereinafter "ADA") and its implementing regulations.

## V. INJUNCTIVE RELIEF

**A. Accessible Parking**

1. No later than December 31, 2011, Dollar Tree will cause the "parking plan" contained in Exhibit "A" to be constructed at the subject store. The Parties have investigated the current parking configuration at the subject site and hereby stipulate and agree that the parking plan contained in Exhibit "A" will bring this location into compliance with applicable disability access regulations under the "readily achievable" barrier removal standard.

/ / /

/ / /

/ / /

/ / /






PDF created with pdfFactory trial version www.pdffactory.com

2. Notwithstanding the foregoing, Dollar Tree shall have no further responsibility or liability with respect to a facility regarding parking where Dollar Tree does not own or otherwise exercise control over the parking area and/or walkways and, after reasonable efforts, Dollar Tree has been unable to cause its Lessor or other person who controls the parking area and/or walkways to make the necessary modifications.

**B. Dispute Resolution:**

1. In the event that a dispute arises concerning this Consent Decree and/or the parties' compliance therewith, all disputes shall be resolved first by a meet and confer initiated in writing between counsel for the parties. If no resolution is reached within sixty (60) days of service of the writing initiating the meet and confer, then the Court shall exercise jurisdiction for the sole purpose of resolving the dispute. Initially, the Court shall refer the dispute to a Magistrate Judge for the purposes of conducting a settlement conference. If the settlement conference does not resolve the matter, the Court shall conduct an evidentiary hearing to determine if a violation of this Consent Decree has occurred.

2. The prevailing party at the evidentiary hearing shall be awarded reasonable attorneys' fees and costs expended to resolve the dispute. In the event an agreement is reached between the parties within sixty (60) days, or as a result of the settlement conference, neither party shall be entitled to an award of attorneys' fees and costs.

**C. Compliance with Applicable Law**

Nothing in this Consent Decree is intended to require Dollar Tree to undertake obligations not required by Title III of the ADA, its implementing regulations and applicable Title 24. For purposes of this Consent Decree, to the extent there are any amendments to, or subsequent judicial decisions modifying the interpretation of such statutory provisions, Dollar Tree is only obligated to comply with standards in effect prior to December 31, 2009.

/ / /

/ / /






PDF created with pdfFactory trial version www.pdffactory.com

## VI. RETENTION OF JURISDICTION

The Court shall retain jurisdiction over this action for the purpose of enforcing the provision of this Consent Decree up to and including December 31, 2012. Unless the Court so orders, this Consent Decree will dissolve automatically and without the need for any affirmative act at the close of this Court's business day on December 31, 2012.

Entry of the foregoing Consent Decree is hereby consented to by the parties.

Dated: December 15, 2009

By: *<u>/s/ Scott N. Johnson, Esq (on file with counsel)</u>*
Scott N. Johnson, Esq.
Attorney for Plaintiff, Scott N. Johnson

Dated: December 17, 2009

KRING & CHUNG, LLP

By: *<u>/s/ Shane Singh, Esq</u>*
Shane Singh, Esq.
Attorneys for Defendant
DOLLAR TREE STORES, INC.

**IT IS SO ORDERED** this 17th of December, 2009.

/s/ John A. Mendez
Hon. John A. Mendez
Judge, United States District Court






PDF created with pdfFactory trial version www.pdffactory.com

**Exhibit "A"**



KRING & CHUNG ATTORNEYS LLP

PDF created with pdfFactory trial version www.pdffactory.com